UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80989-Ryskamp/Vitunac

TABITHA HARRISON AND
GREGORY T. HARRISON,

    Plaintiffs,

vs.

DEPUTY JOHN DOE (1), DEPUTY
JOHN DOE (2), USBALDO LARA,
JESSIE FUNK, NICHOLE ADDAZIO,
TRENT CROSSIN and KEVIN UMPHREY,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL

THIS CAUSE comes before the Court upon defendants' motion to compel answers to interrogatories and production of documents and things **[DE 47]** filed on March 4, 2009. Plaintiffs responded **[DE 50]** on March 19, 2009. Defendants replied **[DE 54]** on March 30, 2009. The motion is now ripe for adjudication.

The facts in this case have been explained by prior order **[DE 32]** and will not be repeated here. Part of this dispute concerns accusations that plaintiffs abused Tabitha Harrison's minor child. Plaintiffs allege that they did not abuse the child and that any physical contact with the child was due to the minor's physical outbursts due to his psychological condition.

In this motion, defendants seek an order compelling plaintiffs to provide information, documents and "things" regarding the minor child's psychological condition. They argue that this information is discoverable because plaintiffs' put the minor child's psychological conditions at

issue and that all of this information can be protected by a confidentiality agreement. Defendants seek responses to Interrogatory 6 and Request for Production Nos. 10, 11, 12 and 13. Plaintiffs argue that the information is not discoverable because of Florida Statutes §§ 90.503 (psychotherapist/patient privilege) and 395.3025(4) (medical record confidentiality) as well as the federal Health Insurance Portability and Accountability Act (HIPAA). Plaintiffs also suggest that this Court consider appointing a guardian ad litem to protect the minor's interests.

**Psychotherapist and Patient Privilege**

Section 90.503 states that a patient can "refuse to disclose, and [] prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition ... between the patient and psychotherapist ... This privilege includes any diagnosis made, any advice given, by the psychotherapist in the course of that relationship." Fla. Stat. § 90.503(2). The patient, his guardian and his psychotherapist can each claim the privilege on the patient's behalf. Fla. Stat. § 90.503(3)(a)-(b), (c). There is no privilege "for communications relevant to an issue of mental or emotional condition of the patient in any proceeding in which the *patient* relies upon the condition as an element of his [] claim or defense[.]" Fla. Stat. § 90.503(4)(c)(emphasis added). When someone other than the patient puts the patient's emotional or mental condition at issue, the exception in §90.5034(c) does not apply.[1] *Arias v. Urban*, 595 So.2d 230, 232 (Fla. 3rd D.C.A. 1992); *Hannon v. Shands Teaching Hosp. and Clinics, Inc.*, 970 So.2d 344, 345 (Fla. 1st D.C.A. 2006)(non-party's privilege is not waived when a party places his mental state at issue). It is only after a patient's death that another party can cause

---

[1] Defendants mischaracterize case law when arguing that "the physician-patient or psychotherapist-patient privileges are waived, or do not apply, if the patient's physical or mental condition *has been placed in issue*." *See*, motion at 5-6 (emphasis added).

the disclosure of such communications. Fla. Stat. § 90.503(4)(c).[2] In this case, Tabitha Harrison's son is the patient.

This case presents issues similar to those raised in *Hannon v. Shands Teaching Hosp. and Clinics, Inc.*, 970 So.2d 344 (Fla. 1st D.C.A. 2006). In that case, plaintiff sued defendant for the wrongful death of her son. Plaintiff deposed a grief expert who testified that plaintiff's grief, and thereby damages, increased because of her surviving son's anger management issues resulting from witnessing his brother's death. Defendant sought a court order compelling the surviving son to produce his medical records.

The *Hannon* court held that the statute clearly required the patient to place his mental health at issue to waive the privilege. 970 So.2d 344. The Court reasoned that the patient "is not a party to the lawsuit, therefore, it is impossible for him to make his mental or emotional condition an issue in this lawsuit. Certainly there is a distinction between claims and defenses made by [plaintiffs] and claims and defenses made by [the patient. The patient] is not a party in this action and is pursuing no claims or defenses." *Id*. at 345. The court then refused to require the patient to release his medical records.

Here, Tabitha Harrison's son is not a party to the litigation. He has not placed his mental or emotional condition at issue in this litigation. Moreover, Tabitha Harrison, as her son's guardian, can choose to assert the privilege. She has done so here. As such, the information is privileged and not discoverable.

---

[2] Moreover, the statutory waiver of the privilege in § 39.204 does not apply because (1) although allegations of child abuse form part of the factual history of this case, this is a lawsuit alleging excessive force in violation of federal statutes and the Constitution; and (2) the patient is not accused of child abuse.

Regardless, a patient can waive this privilege. *McKinlay v. McKinlay*, 648 So.2d 806, 810 (Fla. 1st D.C.A. 1995). It does not appear, however, that a parent can waive his minor child's privilege even when both the parent and minor child are defendants in the same lawsuit. *Arias v. Urban*, 595 So.2d 230, 231-32 (Fla. 3rd D.C.A. 1992). In *Arias*, plaintiffs argued that the minor's parents waived the privilege when they denied knowing that their son would injure someone if left unsupervised. *Id* at 232. The *Arias* court held that only the patient could waive this privilege. *Id*. Accordingly, this Court will not compel the production of the medical records.

**Plaintiffs' Reliance on the Patient's Mental State**

In the reply, defendants argue that if plaintiffs are not required to produce the patient's medical records, then this Court should preclude plaintiffs from introducing any evidence regarding the patient's mental condition. This Court agrees. The patient's medical records are not discoverable by either party as they are the patient's alone. As such neither party shall be permitted to introduce evidence regarding the patient's medical condition.

Moreover, this Court holds that the patient's mental status is irrelevant to this ligation. Fed. R. Evid. 401. The issue in this case is whether defendants used excessive force when arresting plaintiffs. The reason for plaintiffs' arrest is not relevant. The question to be determined is whether the defendants' conduct was so severe as to violate plaintiffs' rights.

**Appointment of a Guardian ad Litem**

Since this Court holds that the patient's mental status is irrelevant to this litigation, any evidence of such will not be admitted. Accordingly, it is unnecessary to appoint a guardian ad litem. It is hereby,

ORDERED AND ADJUDGED that defendants' motion to compel answers to interrogatories

and production of documents and things **[DE 47]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 12 day of May, 2009.

                                                         /s/ Kenneth L. Ryskamp
                                          KENNETH L. RYSKAMP
                                        UNITED STATES DISTRICT JUDGE

copies provided:
All counsel of record