UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80989-Civ-Ryskamp/Vitunac

TABITHA HARRISON AND
GREGORY T. HARRISON,

      Plaintiffs,

vs.

AARON BURLAGE, YUVAL ARAMA,
SHATARA SHATARA, PAUL LENNERTZ,
USBALDO LARA, JESSIE FUNK, and
TRENT CROSSEN,

      Defendants.
_____/



FILED by ___ D.C.

AUG 1 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court on Order of Reference (DE 82) from United States District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper action as required by law, and to submit a Report and Recommendation to this Court." On July 16, 2009, the Court reserved ruling on Plaintiffs' motion for sanctions pending a hearing on the matter of who arrested Plaintiff Tabitha Harrison (DE 87). The Court set a hearing that same day (DE 88), but later cancelled the hearing (DE 100) based on unavailability of Plaintiffs' counsel while also expressing the Court's "great[] concern about the inability of Defendants to specify which individuals arrested Plaintiff Tabitha Harrison." Five days later, Defendants supplemented Defendant Trent Crossen's interrogatory answers (DE 91) and identified Deputy Aaron Burlage as the officer who arrested Plaintiff Tabitha Harrison. On July 29, 2009, the Court ordered the parties to meet and confer in a good faith effort to resolve the sanctions issue without the need for further Court intervention (DE

100). The parties filed a Joint Status Report on August 12, 2009 (DE 108). The issue of sanctions is ripe for review.

## PARTIES' CONTENTIONS[1]

### Plaintiffs' Motion for Sanctions (DE 77)

In their Motion, Plaintiffs ask the Court to sanction Defendants for failing to comply with Rule 26(a)'s initial disclosure requirements, failing to supplement discovery under Rule 26(e), and providing false and incomplete answers to Plaintiffs' first set of interrogatories despite a prior Order requiring (DE 52) "complete responses." Specifically, Plaintiffs' contend that Defendants improperly withheld the names of additional deputies present at the scene of Plaintiffs' arrests. Plaintiffs maintained that, as of the date of their Motion, they still did not know who arrested Plaintiff Tabitha Harrison. Plaintiffs seek attorneys fees and expenses, and also ask the Court to hold a hearing to determine if Defendants' conduct was in bad faith or willful so as to support additional sanctions, such as striking defenses and/or pleadings.

### Defendants' Response (DE 80)

In their Response, Defendants fault Plaintiffs for not diligently pursuing the discovery they needed. Defendants contend they provided candid and complete responses to Plaintiffs' discovery requests, including identification of the four additional deputies in their initial disclosures and witness lists. According to Defendants, had Plaintiffs timely deposed the individuals listed in the initial disclosures and/or reviewed pertinent documents, including incident/police reports and arrest affidavits, all of which were identified by Defendants, Plaintiffs could have ascertained the

---

[1] The discussion of the parties' contentions is limited to their respective arguments regarding the issue of sanctions.

2

information sought. Defendants claim that, consistent with their discovery responses, no named Defendants knew who arrested Plaintiff Tabitha Harrison. Defendants maintain further that Plaintiffs failed to timely object to Defendants' initial disclosures or interrogatory answers.

### Plaintiffs' Reply (DE 83)

Plaintiffs maintain that Defendants or their counsel must have known about the additional four deputies involved in Plaintiffs' arrest from the outset of this case, and Defendants' suggestion that they were not obliged to provide this information violates case law requiring disclosure of information within an attorney's knowledge and rules requiring parties to provide non-evasive interrogatory responses. Plaintiffs argue that, despite Defendants' contrary assertion, the police reports and arrest affidavits do not identify the four deputies. Plaintiffs claim Defendants were obliged to provide this information in response to Plaintiffs' interrogatories, and Defendants' refusal to do so misled Plaintiffs on a critical issue. Plaintiffs claim Defendants knew as early as February 24, 2009, when Plaintiffs sought an extension of time to amend pleadings, that Plaintiffs did not know the names of all officers involved in Plaintiffs' arrests. Plaintiffs state that Defendants' initially disclosed 22 people, but provided no subject of information those individuals had as required by Rule 26(a). Plaintiffs claim that taking depositions to obtain information they needed would be unnecessarily expensive and would frustrate the purpose of interrogatories and document requests. Plaintiffs add that Defendants only began providing discovery responses on March 27, 2009, after being compelled to do so by the Court, and that Defendants requested all June depositions cancelled due to a trial conflict.

<u>The Parties' Joint Status Report (DE 108)</u>[2]

The Joint Status Report sets forth each party's respective position. Plaintiffs recount the arguments made in their written Motion, but conclude that based upon disclosures by Defendants on the day the Joint Status Report was due, "it does not appear that Defendants were acting in bad faith or willfully in failing to disclose the names of the officers who responded to the arrest scene...[or] the name of the actual officer who" arrested Plaintiff Tabitha Harrison. Thus, Plaintiffs' assert "there is no need for a hearing for determination of willfulness or bad faith for imposition of sanctions." On the other hand, Defendants restate much of the same argument made in their written Response to Plaintiffs' Motion and add that at Defendant Trent Crossen's July 24, 2009 deposition, Defendants' counsel showed him a photograph of a sheriff adjusting Plaintiff Tabitha Harrison's handcuffs the date of the arrest, at which time he identified the sheriff as Defendant Aaron Burlage and immediately supplemented his interrogatory answers to reflect the same.

## DISCUSSION

The issue before the Court is whether to sanction Defendants for their alleged discovery misconduct. Rule 37 provides comprehensively for a broad variety of sanctions relating to discovery misconduct. Rule 37 authorizes sanctions for a party's failure to comply with a court's discovery order, failure to disclose or supplement discovery as required, and failure to provide answers,

---

[2] The Court acknowledges Defendants' Notice of Filing Original Joint Status Report Containing Plaintiffs' Original Position (DE 109) in which Defendants assert that Plaintiffs' counsel "attempted to deceive Defendants' counsel by providing a position that it intended to change at the last minute, rather than provide Defendants' counsel with an opportunity to address the issues raised by Plaintiffs." Defendants assert that the Joint Status Report should be "stricken as a sham." The "original" report submitted by Defendants is the same in all respects to the Joint Status Report filed by Plaintiffs' counsel the previous day with the exception of the last two paragraphs of Plaintiffs' position statement. Plaintiffs' position in the "original" report states that the parties did not reach agreement on the sanctions issue, while the report filed with the Court the previous day states that, *based on disclosures by Defendants that same day*, "it does not appear that Defendants" acted in bad faith and so "there is no need for a hearing." In their Notice, Defendants fail to adequately explain why or how it would have responded differently to these two paragraphs and so, the Court, sees no need to strike the Joint Status Report.

objections, or a written response to interrogatories. Fed. R. Civ. P. 37(b)-(d). Rule 37 sanctions are intended to compensate the court and other parties for the added expense caused by discovery abuses, compel discovery, deter others from engaging in similar conduct, and penalize the offending party or attorney. Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir. 1985).

Here, Plaintiffs contend that sanctions should be imposed against Defendants for alleged provision of incomplete and false discovery responses. Plaintiffs take issue with Defendants refusal to identify the four additional deputies involved in Plaintiffs' arrests, either as part of their initial disclosures or in other discovery responses. The record shows and Plaintiffs do not dispute that Defendants listed the four deputies in their Rule 26(a) initial disclosures, filed December 9, 2008 (DE 35), but argue that Defendants failed to include the subject matter about which these deputies had knowledge as required. A review of the parties' Rule 26 initial disclosures (DE 31, 35) reveals that, apart from medical witnesses, no party listed the substance of the subject matter about which a particular witness would testify. Thus, Plaintiffs would have this Court sanction Defendants for conduct Plaintiffs themselves engaged in. More importantly, Plaintiffs failure to timely object to the form or substance of Defendants' initial disclosures, filed over six months ago, constitutes waiver of relief sought, see S.D. Fla. L.R. 26.1.H, and the Court declines to entertain Plaintiffs' request for sanctions on this ground.

Alternatively, Plaintiffs argue that Defendants should be sanctioned for providing incomplete discovery responses by not disclosing to Plaintiffs the identity of the four additional deputies, including the deputy who arrested Plaintiff Tabitha Harrison, in response to Plaintiffs' first set of interrogatories or as supplemental responses thereafter. Plaintiffs argue such failure not only violates discovery rules, but also the Court's Order requiring Defendants to provide "complete responses"

5

to Plaintiffs' interrogatories.

The record shows that, immediately after listing the named parties, Defendants identified the four deputies - Deputies Burlage, Arama, Shatara, and Lennertz - by name and title on their mandatory initial disclosures, filed December 9, 2008. Later, Defendants responded to Plaintiffs' first set of interrogatories in late March 2009, after having been compelled to do so by the Court. The Court's review of the interrogatory responses (DE 77-4) shows that only the presently named Defendants were identified in the responses as having been "in any way...involved" in Plaintiffs' arrests. Two of the five named Defendants admitted to having arrested Plaintiff Gregory Harrison. Three of the five Defendants stated that they did not know who arrested Plaintiff Tabitha Harrison, while the remaining two referred Plaintiffs to the PBSO "Offense Reports" for the persons involved in Plaintiffs' arrest. Supplement 2 to the Offense Report, attached to Plaintiffs' Reply, states that Detective Addazio responded to Plaintiffs' residence the night of the arrest with "PBSO Dist. 4 road patrol deputies, Sgt. Crosen, and Detective Kevin Umphrey . . . District 4 road patrol deputies made contact with [Plaintiffs]." The report does not identify the road patrol deputies by name.

On July 13, 2009, the Court ordered Defendants to answer three additional interrogatories (DE 84) and stated that it "is clear from a review of recent pleadings in this case that" Plaintiffs seek "the names of the deputies involved in the actual arrest of individual Plaintiff Tabitha Harrison." The Court stated that "Plaintiffs are entitled to this information." On July 15, 2009, Defendants filed their Answers to Supplemental Interrogatories (DE 86-2) stating that "each of the named defendants . . . has no personal knowledge of who made the actual arrest" of Plaintiff Tabitha Harrison. Defendants further state that "Deputies Burlage, Arama, Shatara, and Lennertz may have personal knowledge as to who placed Tabitha Harrison under arrest, and may in fact be the actual arresting

officers." Thus, it remained unclear who actually arrested Plaintiff Tabitha Harrison and in a later Order (DE 89), the Court expressed its "great[] concern about the inability of Defendants to specify which individuals arrested Plaintiff Tabitha Harrison." Five days later, Defendants filed a supplemental interrogatory answers (DE 91), in which Defendant Trent Crossen identified Deputy Aaron Burlage as the officer who arrested Plaintiff Tabitha Harrison.

In light of the parties' submissions and a review of the pertinent portions of the record, including the parties' Joint Status Report, the Court concludes that Defendants did not engage in sanctionable conduct. The information described above and disclosed by Defendants to Plaintiffs was sufficient to raise the possibility that other deputies may have been involved in Plaintiffs' arrests. Plaintiffs state that based on the responses, they "presumed" no other PBSO officers were involved. Plaintiffs chose to make such presumption at their peril. Plaintiffs also claim Defendants' counsel "obviously knew" about the additional deputies and had an obligation to disclose these deputies' involvement with Plaintiffs' arrests. Even assuming this to be true, the Court finds that Defendants disclosed sufficient information for Plaintiffs to deduce that other deputies may have been involved in Plaintiffs' arrest.

While the Court certainly does not condone Defendants' conduct in preparing vague interrogatory responses, especially on the issue of which deputy arrested Plaintiff Tabitha Harrison's arrest, and strongly cautions both parties against any intentional attempts to misled the opposing party as any such such attempt will not be tolerated by the Court. Nonetheless, Plaintiffs cannot avoid their own responsibility to have undertaken reasonable steps to detect the possibility of other deputies' involvement by timely moving to compel better answers to the vague interrogatory

7

responses and/or conducting earlier depositions.[3]

Based on a review of pertinent portions of the record, the Court declines to find that Defendants engaged in sanctionable discovery conduct. Consequently, Plaintiffs' motion for sanctions is denied. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion for Sanctions (DE 77) is DENIED.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 14 day of August, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record

---

[3] Plaintiffs claim Defendants requested all June depositions cancelled due to a trial conflict, but never address why depositions could not be taken in April and May, after having received Defendants' interrogatory responses.