UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80989-CIV-RYSKAMP/VITUNAC

TABITHA HARRISON AND
GREGORY HARRISON,

        Plaintiffs,
v.

AARON BURLAGE, YUVAL
ARAMA, SHATARA SHATARA,
PAUL LENNERTZ, USBALDO
LARA, JESSIE FUNK and
TRENT CROSSIN,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL WITNESS LIST

THIS CAUSE comes before the Court upon defendants' Motion to Strike Plaintiff's Supplemental Trial Witness List **[DE 118]**, filed on August 26, 2009. Plaintiffs' filed a response **[DE 121]** on August 28, 2009. Defendants filed a reply **[DE 127]** on September 8, 2009. This matter is ripe for adjudication.

**I.    Background**

On September 9, 2008, Plaintiffs Tabitha and Gregory Harrison ("plaintiffs") filed a lawsuit requesting relief pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs are residents of Palm Beach County and allege that defendants used unnecessary force while arresting them on October 28, 2007.

On November 12, 2008, this Court issued a Scheduling Order **[DE 28]** requiring the

1

parties to furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial by no later than April 30, 2009.  On May 1, 2009, the parties filed a joint Motion for Extension of Time to File Witness List **[DE 57]**.  The Court granted an extension until May 8, 2009 **[DE 58]**.  On May 8, 2009, the defendants filed a Notice of Compliance **[DE 61]** and on May 11, 2009, plaintiffs filed their Notice of Filing Rule 26(A)(3) Witness Disclosure **[DE 62].**   Plaintiffs filed a Notice of Filing Amended Rule 26(A)(3) Disclosures **[DE 66]** on May 28, 2009.  On July 24, 2009, plaintiffs filed a Notice of Supplemental Filing Rule 26(A)(3) Witness Disclosure **[DE 94]** .  On July 24, 2009, defendants also filed a notice regarding supplemental witness disclosure **[DE 95].**  On July 30, 2009, plaintiffs filed a Notice of Filing Supplemental Rule 26(A)(3) Disclosures **[DE 102]**.  Plaintiffs filed two Notices of Filing Supplemental Rule 26(A)(3) Witness Disclosures **[DE 114, 115]** on August 21, 2009.

**II.  Pending Motion**

Defendants' filed their Motion to Strike seeking to strike certain witnesses from the plaintiff's witness list because the defendants added those witnesses to the witness list after the May 8, 2009 deadline imposed by this Court.  Specifically, defendants seek to strike Captain Ron Mattino **[DE 66]**; Stacie Preece **[DE 102]**; Issac Brown, Shari Rawet, Frances Maschuci, Phyllis Schiavello; Linda Szatmary, Robert Cherry, Francine Reed, Gary Marsh **[DE 114];** Tanya Beaumont, Deputy Harold Campisi, and Person with Most Knowledge/Records Custodian from Armor Correctional Services, Inc. **[DE 115].**  Defendants also request that these witnesses be prohibited from testifying at trial.  Defendants contend that Rule 26(e) does not allow the

plaintiffs to supplement their witness list because they were not attempting to correct their original disclosures; but rather, they were attempting to circumvent the Court ordered deadline of May 8, 2009. Further, defendants argue that the additional witnesses added to the witness list on August 21, 2009, after the close of discovery, were added at such a late date in order to prevent the defendants from deposing those "newly added witnesses."

In their Response in opposition, plaintiffs argue that all of the witnesses that the defendants seek to strike were discovered subsequent to the May 11, 2009 witness disclosure filing, but before the discovery deadline of July 31, 2009. Plaintiffs addressed each of the contested witnesses in their Response in opposition.

Plaintiffs argue that they had no knowledge of Captain Ron Mattino before his deposition was set because Captain Mattino was disclosed by the defendants in response to a deposition subpoena directed to the PBSO identifying the Person With Most Knowledge at the Palm Beach County Sheriff's Office regarding training, policies, practices, guidelines, or customs regarding use of force, or the circumstances under which the use of force is excessive by Palm Beach County Sheriff's Officers. Plaintiffs deposed Captain Mattino on May 28, 2009 and added him to the witness list the same day.

Plaintiffs argue that had no knowledge or awareness of the relevance of Issac Brown, Shari Hyman (Rawet), Frances Maschuci, Phyllis Schiavello, Linda Szatmary, Robert Cherry, Francine Reed and Gary Marsh until their names were disclosed at the July 24, 2009 deposition of defendant Trent Crossen. Plaintiffs state that they acquired knowledge of these persons when Crossen produced his employment file and the names appeared within as persons who had filed excessive force complaints against him. Plaintiffs also note that these witnesses were disclosed

on July 24, 2009, and not on August 21, 2009 as the defendants stated in their Motion.

Plaintiffs also argue that Tanya Beaumont and Deputy Harold Campisi's names were discovered only after the defendants complied with this Court's order of August 12, 2009, which required a response to a public records request to the PBSO for photographs and correctional files of the plaintiffs **[DE 107]**. Plaintiffs state that neither the names nor the records containing the names have ever been disclosed by the defendants. Plaintiffs added these names to their witness disclosure list on August 21, 2009.

Plaintiffs argue that all but one (Officer Preece) of the names were contained within the records of the PBSO and the defendants and were not discovered because of the defendants' failure to comply with discovery requests. Further, plaintiffs contend that all of the names of the witnesses objected to by the defendants were discovered after the May 8, 2009 witness list deadline. Plaintiffs also point out that the defendants themselves filed a supplemental witness list on July 24, 2009 adding twenty-one additional witnesses.

Defendants replied to the plaintiffs' Response in opposition arguing that the plaintiff should have sought leave of the court to file the names of additional witnesses. Additionally, defendants contend that all of the names added by the plaintiffs had been available to the plaintiffs throughout the course of the litigation because of defendants' nearly unlimited public access to the PBSO's records and therefore, plaintiffs should have discovered the names of these witnesses prior to the expiration of the May 8, 2009 deadline to file its witness list. Defendants also point out that their own July 24, 2009 filing of a supplemental witness list **[DE 95]** was pursuant to Rule 26(a)(1) listing the names of individuals that defendants believe may have discoverable information and not pursuant to Rule 26(a)(3). Defendants contend that they

4

provided this list to disclose the names of those witness who might have discoverable rebuttal testimony to provide in the event that the Court allowed the plaintiff to add additional witnesses.

## II.     Discussion

Rule 26(a)(3) of the Federal Rules of Civil Procedure requires, *inter alia*, that parties make pretrial disclosures of witnesses and exhibits thirty days before trial, unless otherwise directed by the Court, or unless the witnesses or exhibits are going to be used solely for impeachment. The rules also require parties to supplement their Rule 26 disclosures in a timely manner. Fed. R. Civ. P. 26(3)(1)(A). Under Rule 37, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997)(quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)).

The Court set a deadline of May 8, 2009 for trial witness list disclosures. Plaintiffs have added to this list after that deadline because of the discovery of additional witnesses during discovery. The Court finds that the plaintiffs' failure to add these thirteen witnesses to their trial witness disclosure prior to the deadline was justified. Plaintiffs justify their failure to disclose these thirteen witnesses prior to the May 8, 2008 by arguing that they had no knowledge of the relevancy of those witness, or even their existence at that time. Upon discovery of these thirteen

witnesses, plaintiffs immediately filed supplements to their trial witness list.  Defendants argue that the plaintiffs had the opportunity to learn of these witnesses prior to the witness disclosure deadline, but failed to do so.  Defendants' argument ignores the fact that in their own trial witness list, the defendants themselves reserved the right to amend their own trial witness list pending further discovery.  The plaintiffs also reserved this right, and this is precisely what the plaintiffs have done.  While the plaintiffs *may* have discovered the names of these witnesses prior to the deadline for disclosing trial witnesses, they apparently did not, and there is no rule that requires the parties to do all of their discovery prior to the trial witness disclosure deadline.  Therefore, the Court finds that the plaintiffs were substantially justified in their failure to disclose the witnesses names by the trial witness disclosure deadline.

Because this Court finds that the plaintiffs' failure to disclose its witnesses by the witness disclosure deadline was substantially justified, this Court need not consider whether the plaintiffs' failure to timely disclose the names of all of the witnesses was harmless.

The Court notes the defendants have not requested an extension of discovery for the purposes of deposing these newly added witnesses.  The Court will not grant an extension of discovery *sua sponte*, but would consider such a request, particularly for those witnesses added after the close of discovery, should the defendants request it.

Finally, the defendants requested that the Court grant the defendants leave to add the witnesses contained in their July 24, 2009 filing to their trial witness List.  However, the defendants made this request in their reply and not in the initial motion, thereby preventing the plaintiffs from possibly objecting to the request.  Accordingly, the Court will not consider this request here.  *See* S.D. Fla. Local Rule 7.1(c).

Accordingly, it is hereby,

ORDERED AND ADJUDGED that Defendants' Motion to Strike Plaintiff's Supplement Trial Witness Lists **[DE 118]** is DENIED;

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 18 day of September, 2009.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record