UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80989-CIV-RYSKAMP/VITUNAC

TABITHA HARRISON AND
GREGORY HARRISON,

        Plaintiffs,
v.

AARON BURLAGE, YUVAL
ARAMA, SHATARA SHATARA,
PAUL LENNERTZ, USBALDO
LARA, JESSIE FUNK and
TRENT CROSSIN,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS FOR EXTENSION OF TIME TO TAKE DISCOVERY AND SANCTIONS

THIS CAUSE comes before the Court upon plaintiffs' Motions for Extension of Time to Take Discovery and Sanctions **[DE 120]** filed on August 28, 2009. Defendants filed a Response in Opposition **[DE 133]** on September 14, 2009. Plaintiffs replied **[DE 137]** on September 24, 2009. This matter is ripe for adjudication.

**I.    Background**

On September 9, 2008, Plaintiffs Tabitha and Gregory Harrison ("plaintiffs") filed a lawsuit requesting relief pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs are residents of Palm Beach County and allege that defendants used unnecessary force while arresting them on October 28, 2007.

On November 12, 2008, this Court issued a Scheduling Order **[DE 28]** setting the

1

discovery deadline in this case for July 31, 2009.  On January 7, 2009, plaintiffs sent a request for documents to defendants asking for copies of all photographs, videotapes, and other documents depicting plaintiffs at the time of their arrests and thereafter.  Plaintiffs also requested copies of all documents, photographs, and materials regarding the arrests of the plaintiffs.  Additionally, the plaintiffs also sent their first set of interrogatories to the defendants requesting the names of all individuals who have information regarding any issues in the lawsuit and specify the subject matter about which the witnesses have knowledge.  On March 23, 2009, this Court granted Plaintiffs' Motion to Compel **[DE 52]** these disclosures.[1]  Defendants subsequently responded to the first request for production and provided booking photographs of the plaintiffs Tabitha Harrison and Gregory Harrison.  Defendants also provided a booking intake sheet as well as various arrest records.  On August 18, 2009, in response to a public records request, the Palm Beach County Sheriff's Office produced additional photographs of the plaintiff Gregory Harrison, depicting apparent head injuries.  These photographs were taken by Deputy Harold Campisi and had not previously been disclosed.  The Palm Beach County Sheriff's Office also produced an injury booking form as well as medical treatment forms containing the name of Nurse Tanya Beaumont of the Armor Correctional Health Services, Inc.

## II.  Pending Motions

Plaintiffs urge this Court to extend discovery to allow plaintiffs to depose Deputy Harold Campisi and Nurse Tanya Beaumont.  Plaintiffs also request sanctions because of the defendants' apparent failure to disclose the additional photographs and documents in March.  Plaintiffs argue

---

[1] The Court granted the motion based on defendants' failure to file a response.

that the failure to provide these additional pieces of information until after the discovery deadline has prejudiced the Plaintiffs in their ability to complete full discovery in this case.  Plaintiffs also argue that it is fundamentally unfair and misleading for the defendants to choose to produce only certain documents from the Palm Beach County Sheriff's Office and then take the position that they were not obligated to produce all of the records requested because the Palm Beach County Sheriff's Office is not a defendant in the case.

      Defendants argue that the plaintiffs overlook two important facts regarding this litigation First, the Palm Beach County Sheriff is not a party to the action.  Second, all information regarding the arrest and detainment of the plaintiffs are public records and could have been obtained by the plaintiffs through public records requests.  Defendants argue that the individual deputies who are being sued in this action are not the custodians of the records requested and therefore, were under no duty to disclose Palm Beach County Sheriff's Office records.

**III.     Discussion**

      This Court's Scheduling Order **[DE 28]** states that the pretrial schedule in this case, including the deadline for completing discovery "shall not be modified absent compelling circumstances."  The Court agrees that the defendants were under no obligation to disclose the records of the Palm Beach County Sheriff's Office.  However, the Court admits confusion at the defendants' disclosure of some Palm Beach County Sheriff's Office records, but not others. The Court questions why the defendants would disclose the booking photographs of the plaintiffs as well as the intake forms, but not the other photographs and documents related to the arrest.   The Court will grant the plaintiffs' motion for extending the discovery deadline solely for the purpose

of deposing Deputy Campisi and Nurse Beaumont. This extension of the discovery deadline should not be construed to change any other pre-trial deadline.

While the Court will grant the plaintiffs' motion to extend discovery solely for the purpose of deposing Deputy Campisi and Nurse Beaumont, the Court will not award any fees or costs associated with the instant motion.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that

(1) Plaintiffs' Motions for Extension of the Time to Take Discovery and Sanctions **[DE 120]** is GRANTED in part and DENIED in part;

(2) Discovery shall be extended solely for the purpose of deposing Deputy Campisi and Nurse Beaumont;

(3) No further extensions shall be granted; and

(4) No party shall be awarded any fees or costs associated with the instant motion.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 2 day of October, 2009.

/s Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record